UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| JANET MOSELY, et al., | ) |
| Plaintiffs, | ) |
| v. | ) Case No. 1:15CV00052 AGF |
| STATE OF MISSOURI; CORIZON, INC.; IAN WALLACE; TRAVIS WILHITE; and DONNA SPAVEN, | ) |
| Defendants | ) |

## MEMORANDUM AND ORDER

This action for damages is brought under 42 U.S.C. § 1983 and Missouri's wrongful death statute and tort law by the surviving widow and children of a Missouri inmate who died while incarcerated in Missouri's Southeast Correctional Center ("SECC"). Defendants are the State of Missouri; Corizon, Inc., a private contractor that provides SECC with health care services; Ian Wallace, SECC's warden; Travis Wilhite, a correctional officer at SECC; and Donna Spaven, a nurse and Corizon employee.[1] The complaint states that the individual Defendants are sued in their official and individual capacities. Now before the Court is the motion of the State of Missouri, and Wallace and Wilhite in their official capacity, to dismiss the claims against them as barred by the Eleventh Amendment and sovereign immunity. For the reasons set forth below, the

---

[1] 20 Doe Defendants who were never named were dismissed by Plaintiffs.

Court shall grant the motion in part, and reserve ruling on the remaining part of the motion.

## BACKGROUND

The five-count complaint alleges that Wallace, with knowledge of the decedent's medical issues, including insulin-dependent diabetes, ordered the decedent placed in a restraint chair after the decedent inflicted harm on himself. Spaven conducted an assessment of the decedent after he was placed in the restraint chair, checking that the restraints were in the proper place, but failed to review his medical records. Wilhite, the shift supervisor at the time, ordered that the decedent remain in the restraint chair for six hours, despite being told that the decedent was experiencing medical problems. A few minutes after being released from the restraint chair, the decedent died.

Count I of the complaint is brought under § 1983 against the State and Corizon for deliberate indifference to the substantial risk of serious harm to the decedent when kept in the restraint chair for six hours, in light of his known medical condition, in violation of his Eighth Amendment and Fourteenth Amendment rights. The complaint alleges that "this violation was committed as a result of the policies and customs of the State of Missouri and the [SECC]." (Doc. No. 1 at 2.) Count II is also brought under § 1983 on the same theory, but is against the individual Defendants. Counts III is a state law claim for wrongful death against all Defendants. Counts IV and V are against the State and Corizon for negligent hiring (Count IV) and negligent supervision (Count V) of the individual Defendants. Each count seeks actual and punitive damages.

The moving Defendants argue that the § 1983 claims against them are barred by the Eleventh Amendment, and that the state claims against them are barred by sovereign immunity pursuant to Missouri Revised Statutes § 537.600. Plaintiffs concede that the § 1983 claims against the State, and all claims against Wallace and Wilhite in their official capacity, are subject to dismissal. Plaintiffs, however, take issue with the State's reliance on sovereign immunity with respect to the Missouri tort claims against it. Plaintiffs argue that the State may have purchased liability insurance for tort claims such as those asserted in Counts III, IV, and V, and if the State did so, its sovereign immunity would be waived to the maximum amount of such insurance, pursuant to Missouri Revised Statutes § 537.610, which provides that the state may purchase liability insurance for tort claims made against the state, and that "[s]overeign immunity for the state of Missouri . . . is waived only to the maximum amount of and only for the purposes covered by such policy of insurance . . . ." Plaintiffs seek leave to amend the complaint to plead facts that would establish such a waiver. The moving Defendants have not filed a reply.

## **DISCUSSION**

A complaint must set out a "short and plain statement of [a plaintiff's] claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

As Plaintiffs acknowledge, "neither a State nor its officials acting in their official capacity are 'persons' under § 1983." *See Smith v. Depriest*, No. 414-CV-2106-NAB, 2015 WL 362687, at *4 (E.D. Mo. Jan. 27, 2015) (quoting *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989)). Plaintiffs also do not challenge the dismissal of their state law claims for damages against Wallace and Wilhite in their official capacity. Accordingly, the Court will grant the present motion with respect to Plaintiffs' § 1983 claims, and their state law claims against Wallace and Wilhite in their official capacity. As Plaintiffs urge, the state law claims against Wallace and Wilhite in their individual capacity remain viable.

With respect to Plaintiffs' state tort claims against the State, plaintiffs seeking to establish that the State of Missouri's sovereign immunity from tort liability was waived under § 537.610 by the State's purchase of liability insurance, "'must plead with specificity facts demonstrating'" that their claims fall within this exception to sovereign immunity because finding the State "'liable for torts is the exception to the general rule of sovereign immunity.'" *White v. Jackson*, No. 4:14CV1490 HEA, 2015 WL 1189963, at *6 (E.D. Mo. Mar. 16, 2015) (quoting *Gregg v. City of Kansas City*, 272 S.W.3d 353, 359-60 (Mo. Ct. App. 2008)). The Court notes that the State would not waive its sovereign immunity by maintaining an insurance policy where that policy includes a provision stating that the policy is not meant to constitute a waiver of sovereign immunity. *See id*. (citing *Brooks v. City of Sugar Creek*, 340 S.W.3d 201, 208 (Mo. App. Ct. 2011)).

The Court will grant Plaintiffs' request for an opportunity to amend their complaint to plead facts sufficient to withstand the State's assertion of sovereign immunity with respect to the state law tort claims against it. Any such amendment must, of course, comply with Federal Rule of Civil Procedure 11(b)(3)'s mandate that factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for investigation or discovery.

## **CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that the motion (Doc. No. 13) of Defendants State of Missouri, and Ian Wallace and Travis Wilhite in their official capacity, to dismiss the complaint as to them is **GRANTED** with respect to Plaintiffs' claims under § 1983, and with respect to Plaintiffs' state law claims against Defendants Wallace and Wilhite in their official capacity.

**IT IS FURTHER ORDERED** that Plaintiffs shall have up to and including **May 6, 2015**, to amend their complaint to plead facts that would establish that the State of Missouri has waived its sovereign immunity with respect to the state law claims against it. The Court will reserve ruling on the present motion to dismiss with respect to the state law claims against the State until that date, and if an amended complaint is filed, will give the State the opportunity to supplement its motion to dismiss.

_Audrey G. Fleissig_
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 17th day of April, 2015.